FRANK TENNEY, PLAINTIFF-RESPONDENT, v. WILLIAM P. VERDON, DEFENDANT-APPELLANT.

Submitted May 15, 1925—Decided October 6, 1925.

Negligence—Motor Vehicle Collision—Plaintiff, a Friend of Defendant's Son, Invited on Car by Son to Assist in Making Some Repairs, While so Engaged Girl Companions Joined the Company and a Ride Followed—Defense That the Boys Were Not Operating Car in Any Way As Owner's Agent, Accordingly, Not Sufficient, and Judgment For Plaintiff is Affirmed.

On appeal from the Hudson County Circuit Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, Robert Carey and John Drewen.

For the respondent, William B. Slitus.

PER CURIAM.

Plaintiff was a passenger in an automobile owned by the defendant at the time when he was injured because this automobile came into collision with another similar vehicle. The

only question raised on this appeal is whether the court erred in refusing to direct a verdict for defendant on the theory that the plaintiff had not produced evidence which could go to the jury to show that the defendant's son, who was driving the car at the time, was acting as the defendant's servant and within the scope of his employment.

The evidence shows that at the time of the accident defendant's son was driving the car, and that besides the plaintiff there were two young women aboard; that this was in the evening. These facts taken alone would justify the argument that although the car belonged to the defendant, the son was not operating it in any way as his agent, but was engaged in a pleasure ride on his own account, and that plaintiff was a participant in that excursion. But there are other facts testified to in the case which throw a very different light upon the situation. It appeared that the defendant had no hired chauffeur, and that the son did all the family driving and appeared to be charged with the responsibility of keeping the car in good running order and attending to minor repairs. The evidence also tended to show that on this particular evening the commutator of the car was not functioning properly, and that, as the plaintiff was a friend of the defendant's son and was by occupation a stationary and marine engineer, and something of a mechanician, the son appealed to him to correct this trouble with the commutator. According to the evidence, the son went to see the plaintiff about this matter, and the two young men started to diagnose the difficulty with a view of correcting it. The son ran the car while the plaintiff checked up on the commutator, and presently defendant's son said that while they were working on the car they might as well go and get a Miss J., with whom he had an appointment. The plaintiff did some work on the commutator and then they went down to Miss J.'s house and took Miss J. and her sister aboard, and drove up the Hudson county boulevard to the end of it. Plaintiff filed the commutator points again, ran a little further, stopped and did some more filing, and then they started home, and it was while plaintiff was being taken home

that the accident occurred. If the jury believed these facts, it was quite plain that one material reason for the plaintiff being on the defendant's car at that time was for the purpose of fixing the commutator. The mere fact that two young women were taken aboard for a ride while this operation was going on cannot nullify the effect of those facts if found. It was therefore clearly open to the jury to say that the plaintiff was invited on the car by defendant's servant about the defendant's business, and was legitimately engaged thereon when he was injured, or, at least, that he was returning from his task at the time.

The judgment is therefore affirmed.